UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAKIE JOHNSON, on behalf of himself, individually, and on behalf of all others similarly-situated,

      Plaintiff,

  -against-

BEST BEV LLC,

      Defendant.

**COMPLAINT**

**Docket No.:** 3:24-cv-1260 (BKS/ML)

Jury Trial Demanded

  Shakie Johnson ("Plaintiff" or "Johnson"), on behalf of himself, individually, and on behalf of all others similarly situated, as class representative, by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against Best Bev LLC ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

  1. This is a civil action seeking monetary damages and other redress based upon Defendant's violations of Plaintiff's rights guaranteed to him by: (i) the New York Labor Law ("NYLL")'s requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (ii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendant - - a United States Virgin Islands Limited Liability Corporation with its principal executive office in St. Thomas, Virgin Islands, US and registered to do business in New York – from January 5, 2024 to the present as a Processing Tech.

3. At all times during the course of his employment, the Defendant requires Plaintiff to perform manual labor for at least 25% of his duties.

4. As described below, for the duration of his employment and for at least the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to Governor Andrew M. Cuomo's executive tolling orders ("the Relevant Period"), Defendant unlawfully failed to pay Plaintiff, a manual laborer, and all other similarly situated employees, all of his earned wages on at least as frequently as a weekly basis, and instead paid him every two weeks, in violation of Section 191(1)(a) of the NYLL.

5. At all relevant times, Defendant has compensated Plaintiff and all other workers whose duties required them to perform manual labor for at least 25% of their work ("Manual Workers") in New York on a bi-weekly basis, and as such Defendant has failed to provide timely and proper wages to Plaintiff and all other Manual Workers in New York.

6. Defendant further violated the NYLL by failing to furnish Plaintiff with proper wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate statement or notice.

7. Plaintiff brings this action on behalf of himself and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the

Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

9. Based on the estimated class size, and the nature of the damages arising from the claims alleged[1], the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, to be further explained below.

10. Defendant is subject to personal jurisdiction in New York.

11. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## **PARTIES**

12. At all times during the Relevant Period, Plaintiff, a resident of New York, was an "employee" entitled to protection as defined by the NYLL as he worked for Defendant in New York, New York.

13. Plaintiff is domiciled in and is a citizen of New York State. Plaintiff currently lives in Elmira, New York and has lived there for the past four years.

14. Plaintiff is further registered to vote in New York, pays New York State taxes, and has a New York State ID and driver's license.

15. Plaintiff is a covered employee within the meaning of the NYLL.

16. Defendant is a United States Virgin Islands Foreign Limited Liability Corporation with its principal executive office in St. Thomas, Virgin Islands, US and registered to do business

---

[1] Damages for a New York Labor Law §191 frequency of pay claim are "effectively, 100% of all wages that were not paid on time." *Ramirez v. Urion Constr. LLC*, No. 22 CIV. 3342 (LGS), 2023 WL 3570639, at *7 (S.D.N.Y. May 19, 2023); NYLL § 198 1-b ("damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars"); NYLL § 198 1-d ( "damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars.")

in New York.

17. Defendant's principal executive office is located at 6501 Red Hook Plaza, Suite 201, St. Thomas, Virgin Islands 00802, USA.

18. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19. Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings the Causes of Action, NYLL and NYCRR claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Defendant between March 1, 2018[2] and the date of final judgment in this matter (the "New York Class").

22. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

23. There are more than 500 members of the New York Class.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

25. Plaintiff and the New York Class have all been injured in that they have been

---

[2] *Brash v. Richards*, 195 A.D.3d 582 (2d Dep't 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law) and subject to tolling agreements previously entered into by the parties.

uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

26. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following: whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis, whether Defendant furnished and furnish the Plaintiff and the New York Class with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires, and whether Defendant furnished and furnish the Plaintiff and the New York Class with an accurate wage notice at hire that contains the information that NYLL § 195(1) requires.

**BACKGROUND FACTS**

30.     Defendant is a full service beverage contract manufacturing company that is responsible for batching and canning all beverages, including energy drinks, RTDs (ready to drink), wines, carbonated sodas, sparkling water, still water, juices, and functional beverages.

31.     Johnson has been employed for Defendant as a Processing Tech since January 5, 2024 until the present, at the facility located at 685 Broad St. Ext., Waverly, New York.

32.     At the start of his employment until March 2024, Defendant paid Plaintiff at the rate of $21.00 per hour with a shift differential of $22.00 per hour.

33.     Beginning in or around March 2024 to mid-2024, Defendant paid Plaintiff at the rate of $23.50 per hour with a shift differential of $24.50 per hour.

34.     Since in or around mid-2024 to the present, Defendant pays Plaintiff at the rate of $24.00 per hour with a shift differential of $25.00 per hour.

35.     Plaintiff works thirty-six, and forty-eight hour workweeks on an every other week rotating basis.

36.     During Johnson's employment, he spends over twenty-five percent of his worktime each week performing physical tasks, including but not limited to, mixing drinks, packing boxes, lifting heavy packages and bags, pouring heavy bags of drink mixtures into a tank, palletizing merchandise, canning beverages, cleaning, emptying full cans into a compactor with a shovel and loading cases of cans onto pallets commonly referred to as hand stacking.

37.     Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Johnson has been compensated by Defendant on a bi-weekly basis.

38.     For example, for the week beginning on January 7, 2024 and ending on January 13, 2024, Defendant paid Johnson his lawfully earned wages on January 25, 2024. *See* **Exhibit A**, Johnson's Paystub.

39. Defendant failed to pay Johnson wages earned from January 7, 2024 through January 13, 2024 by January 20, 2024, as required by NYLL § 191(1)(a).

40. As a result of Defendant's untimely wage payments, Johnson was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Johnson on an untimely basis.

41. As such, Johnson was denied the time-value of his money by Defendant's underpayments. Johnson was unable to invest, save, or purchase goods utilizing the wages he earned and was owed but were paid late (unpaid).

42. Johnson was similarly underpaid for every workweek that he was paid his lawfully earned wages after more than seven days within the time he completed his work.

43. On each occasion when Defendant paid Johnson, Defendant failed to furnish Johnson with a proper wage statement that accurately listed, *inter alia*, the dates of work covered by that payment of wages, his actual hours worked, his overtime rate, and his overtime wages owed. Defendant's failure to provide Johnson with a proper wage statement deprived Johnson of the ability to know exactly how much compensation he was entitled to and contributed to the underpayment of wages as asserted herein.

44. Additionally, at the time of his hire, Defendant failed to provide Johnson with any wage notice, let alone a notice that accurately listed, *inter alia*: Johnson's regular and overtime rates of pay and basis thereof; whether Johnson would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendant; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number. Defendant's failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and against whom to bring his claims, and contributed to the underpayment of wages as asserted herein.

45. Throughout his employment, Johnson observed approximately 50-75 employees working alongside him and performing similar manual tasks each day. Overall, Johnson observed approximately 300-400 employees who performed manual tasks similar to him employed at his store, at any given time.

46. Pursuant to NYLL § 191(1)(a) all those employees are and were similarly paid on a bi-weekly basis and as a result, are and were underpaid for the first seven days of each bi-weekly pay period, and as a result, are and were paid on an untimely basis. As a result, all potential Class members are and were underpaid for the first seven days of each bi-weekly pay period, and are owed 100% of those late wages as damages. *Ramirez* 2023 WL 3570639, at *7.

47. Pursuant to NYLL § 198 1-b and NYLL § 198 1-d, each Class Member would be owed $10,000.00 for their claims. With an assumed Class size of over 500, the WTPA penalties alone would reach or exceed the $5,000,000 amount in controversy requirement.

48. Therefore, based on the foregoing, the amount in controversy far exceeds the over $5,000,000 amount in controversy requirement.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

51. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

52. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage

8

payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Furnish Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

55. As described above, Defendant, on each payday, failed to furnish Plaintiff and the New York Class with a wage statement that accurately contained the criteria that the NYLL requires.

56. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Furnish Accurate Wage Notices
### (Brought on behalf of Plaintiff and the New York Class)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

59. As described above, Defendant failed to furnish Plaintiff and the New York Class with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

60. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are

entitled to recover from Defendant in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure;

B. Designation of Plaintiff as representatives of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: Garden City, New York
October 15, 2024

Respectfully submitted,

Michael J. Borrelli, Esq.

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff and the Putative Class*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

# Exhibit A

January 25



Your Check
$1,336.36

Gross Pay
$1,737.50

YTD

● **Earnings for Jan 7-20**

| Description | Hours | Amount |
|---|---|---|
| Bereavement | 12.00 | $252.00 |
| Rate $21.00 | | |
| Regular | 2.50 | $52.50 |
| Rate $21.00 | | |
| Shift Differential | 57.50 | $1,265.00 |
| Rate $22.00 | | |
| Sick | 8.00 | $168.00 |
| Rate $21.00 | | |
| **Totals** | **80.00** | **$1,737.50** |

● **Direct Deposit**

| Bank | ‹ Account › | Amount |
|---|---|---|
| The Bancorp B... | ...1756 | $1,336.36 |
| **Totals** | | **$1,336.36** |

● **Taxes for Jan 7-20**



Home | Pay | People | Notifications | Menu