UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SHAKIE JOHNSON, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                Plaintiff,

                                       24-cv-01260 (BKS) (ML)

      -against-

BEST BEV, LLC,

                Defendant.
--------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR
FAILURE TO STATE A CLAIM UNDER 12(b)(6) AND LACK OF SUBJECT MATTER
<u>JURISDICTION UNDER 12(b)(1)</u>**

Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 3

LEGAL STANDARD ................................................................................................. 5

    I.    Rule 12(b)(6) ................................................................................................ 5

    II.   Rule 12(b)(1) ................................................................................................ 6

ARGUMENT ............................................................................................................. 6

    I.    Plaintiff's Claim for Late Payments Pursuant to NYLL § 191 Should Not Be
        Dismissed .................................................................................................... 6

        A.   The Court Should Follow *Vega* and Not *Grant*, Just As 14 of the 16 Post-*Grant*
            Courts to Consider the Issue Have, on the Question of Whether NYLL § 191
            Provides a Private Right of Action ...................................................... 7

        B.   Defendant's Contentions Regarding the New York State Department of Labor
            Lack Merit .......................................................................................... 9

        C.   The New York Legislature, Presumably Aware of the *Grant* Decision, Rejected
            an Effort to Codify Its Holding ......................................................... 11

    II.   A Stay Is Not Warranted ............................................................................ 12

    III.  Article III Standing Exists for Defendant's Violations of NYLL §§ 195(1) and 195(3)
         ................................................................................................................... 13

        A.   Legal Standard .................................................................................. 13

        B.   Plaintiff's Claims Can Be Tangibly Distinguished from *Guthrie* ......... 14

        C.   Defendant's Remaining Contentions Are at Odds with *Guthrie* ......... 14

CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216 (2d Cir. 2021) ................................ 7

*Aguilar v. Calexico Cinco LLC*, 2024 WL 3837669 (E.D.N.Y. June 28, 2024) ........................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 5

*Bazinett v. Pregis LLC*, 720 F.Supp.3d 154 (N.D.N.Y. Mar. 14, 2024)....................................... 8

*Birthwright v. Advance Stores Co., Inc.*, 2024 WL 3202973 (E.D.N.Y. June 27, 2024) .............. 8

*Bryant v. Buffalo Exch., Ltd.*, 2024 WL 3675948 (S.D.N.Y. Aug. 6, 2024) ..................... 8, 12, 13

*Carrasquillo v. Westech Sec. & Investigation Inc.*, 2024 WL 4227795 (S.D.N.Y. Sept. 17, 2024)
........................................................................................................................................ 8

*Castillo v. Isakov*, 2024 WL 5323851 (S.D.N.Y. Dec. 27, 2024) ............................................... 14

*Charles v. United States of Aritzia Inc.*, 2024 WL 4167502 (S.D.N.Y. Sept. 12, 2024)............... 8

*Cooper v. American Airlines,* 149 F.2d 355 (2d Cir. 1945) ......................................................... 7

*Covington v. Childtime Childcare, Inc. et al.*, 2024 WL 2923702 (N.D.N.Y. June 10, 2024)
.................................................................................................................................. passim

*Covington v. Childtime Childcare, Inc.*, 2024 WL 4792870 (N.D.N.Y. Nov. 13, 2024)......... 3, 12

*Cummings v. FCA US LLC*, 401 F. Supp. 3d 288 (N.D.N.Y. 2019) ............................................. 5

*E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 253 (2d Cir. 2014) ................ 5

*Espinal v. Sephora USA, Inc.*, 2024 WL 4241537 (S.D.N.Y. Sept. 19, 2024).................. 8, 11, 12

*Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*, 2024 WL 4652251 (W.D.N.Y. Nov.
1, 2024) ......................................................................................................................... 8

*Galante v. Watermark Services IV, LLC*, 722 F.Supp.3d 170 (W.D.N.Y. Mar. 7, 2024) ............. 8

*Gamboa v. Regeneron Pharms., Inc.*, 719 F.Supp.3d 349 (S.D.N.Y. Feb. 27, 2024) ................... 8

*Garcia v. Skechers USA Retail, LLC*, 2024 WL 1142316 (E.D.N.Y. Mar. 15, 2024)................... 8

*Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dept. 2024).......................... passim

*Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024) ........................................... passim

*Krasnow v. National Airlines,* 228 F.2d 326 (2d Cir. 1955) ........................................................ 7

*Levy v. Endeavor Air Inc.*, 2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024) .................................... 8

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45 (2d Cir. 2013) ........................ 7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ............................................................ 6

*Matter of IKEA U.S. v. Industrial Bd. of Appeals*, 241 A.D.2d 454 (2d. Dept. 2007).................. 11

*Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) ....................................................................... 12

*Palmer v. Amazon.com, Inc.*, 51 F.4th 491 (2d Cir. 2022) ......................................................... 10

*Roma v. David Carmili, Physician, P.C.*, 2024 WL 5152211 (E.D.N.Y. Dec. 18, 2024) ........... 14

*Sarmiento v. Flagge Contracting Inc.*, 2024 WL 806137 (S.D.N.Y. Feb. 27, 2024) ..................... 8

*Sarmiento v. Monteiro*, 2024 WL 5002434 (2d Cir. Sept. 11, 2024) ............................................ 8

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .............................................................................. 13

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ................................................................ 2, 13

*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dept. 2019) ................. 2, 7, 9

*Zachary v. BG Retail, LLC*, 716 F.Supp.3d 339 (S.D.N.Y. Feb. 12, 2024) .............................. 8, 9

**Statutes**

NYLL § 191 .................................................................................................................. passim

NYLL § 195(1) ............................................................................................... 1, 4, 17, 18

NYLL § 195(3) ............................................................................................... 1, 4, 17, 18

NYLL § 198 ............................................................................................................... 7, 14

**Rules**

Rule 12(b)(1) ............................................................................................................... 1, 7

Rule 12(b)(6) ............................................................................................................ 1, 6, 7

**Constitutional Provisions**

Article III ..................................................................................................... 3, 13, 14

## PRELIMINARY STATEMENT

In this New York Labor Law ("NYLL") case in which Plaintiff Shakie Johnson has invoked the Court's jurisdiction pursuant to the Class Action Fairness Act, Plaintiff submits this memorandum of law in opposition to Defendant Best Bev, LLC's Motion to Dismiss the Complaint (Dkt. No. 6), served on December 16, 2024, pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule(s)") 12(b)(1) and 12(b)(6), or in the alternative, for a stay of proceedings.

Defendant is a limited liability company organized under the law of the United States Virgin Islands that operates a full service beverage contract manufacturing company that is responsible for batching and canning several types of beverages. In the Complaint ("Compl."), Dkt. No. 1, Plaintiff, Defendant's employee who works at Defendant's manufacturing facility in Waverly, New York, as a Processing Technician, alleges that in that role, even though he performed manual labor for at least twenty-five percent of his duties, Defendant failed to pay him his wages on at least as frequently as a weekly basis, paying him bi-weekly instead, in violation of NYLL § 191(1)(a). He also claims that Defendant failed to furnish him with any wage notice at his time of hire, in violation of NYLL § 195(1), and failed to furnish him with an accurate wage statement containing all required information on each payday, in violation of NYLL § 195(3). Compl. ¶¶ 30-31, 37-38, 44.

Defendant seeks dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(6) and 12(b)(1). First, pursuant to Rule 12(b)(6), Defendant seeks dismissal of Plaintiff's first claim for relief, asserting that the Complaint fails to state a claim upon which relief can be granted because there is no private right of action under NYLL § 191(1)(a) for a pay frequency claim, either express or implied, when a plaintiff has received all wages prior to bringing suit, just late.

1

In so arguing, Defendant effectively concedes that it violated the face of NYLL § 191 when it paid its workers on a biweekly basis. Nevertheless, Defendant seeks dismissal based on the Second Department's erroneous decision in *Grant v. Global Aircraft Dispatch, Inc*., 223 A.D.3d 712 (2d Dept. 2024), which held, over one panel member's dissent, that no such private right of action exists to enforce violations of NYLL § 191(1)(a), instead of the First Department's decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dept. 2019), which properly recognized that both express and implied private rights of action under that statute do indeed exist in these same exact circumstances. Next, Defendant seeks dismissal of Plaintiff's second and third causes of action, contending that Plaintiff lacks standing with respect to his wage notice and wage statement claims because, according to Defendant, Plaintiff cannot establish the "injury-in fact" requirement to confer such standing under Article III pursuant to the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and the Second Circuit's decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024), meaning that this Court lacks subject matter jurisdiction over those claims. Finally, in the alternative, Defendant seeks a stay of the litigation pending resolution by the New York Court of Appeals on the split between the First Department's decision in *Vega* and the Second Department's decision in *Grant*.

Defendant's arguments fail. First, with respect to Plaintiff's NYLL § 191(1)(a) claim, despite Defendant's multi-pronged attack, none of this is new ground. The Court's choice here is simple: does it find *Vega* (and the *Grant* dissent, which largely relied on *Vega*) or *Grant* more persuasive? And on that question, the Court is hardly writing on a blank slate, as since *Grant*, over a dozen district courts have already ruled on this exact issue, with an overwhelming majority finding *Vega* more persuasive and predicting that the New York Court of Appeals would adopt *Vega* over *Grant* in finding that a private right of action exists. Moreover, *as this Court already*

*ruled* in a nearly identical case, a stay pending resolution of the split between *Vega* and *Grant* is unwarranted, as the New York Court of Appeals, if it ever does resolve the split, is likely to side with *Vega*, and the harms to Plaintiff resulting from an indefinite delay outweigh any concerns about potentially wasted judicial resources. *Covington v. Childtime Childcare, Inc.*, 2024 WL 2923702, at *2 (N.D.N.Y. June 10, 2024) ("*Covington I*") ; *Covington v. Childtime Childcare, Inc.*, 2024 WL 4792870, at *2 (N.D.N.Y. Nov. 13, 2024) ("*Covington II*").

As to the wage notice and statement claims, as an initial matter, Defendant is simply incorrect that the Complaint does not specify the actual, concrete, and particularized harm resulting from Defendant's violations of NYLL §§ 195(1) and 195(3) sufficient to establish Article III standing.  To the contrary, the Complaint specifically alleges that Defendant's violations of NYLL §§ 195(1) and 195(3) harmed Plaintiff by depriving him of the ability to know exactly how much compensation he was entitled to receive and when he was entitled to receive it, which contributed to the underpayment of wages at issue in this case. Compl. ¶¶ 43-44.  These allegations are more than sufficient to satisfy the standard established by the Second Circuit in *Guthrie*, which specifically held that an employee *may* establish an injury-in-fact sufficient to establish standing where, as here, the employee plausibly alleges that "inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." 113 F.4th at 309 (emphasis in original).

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

## STATEMENT OF FACTS

Defendant is a United States Virgin limited liability company with its principal executive office in St. Thomas, Virgin Islands, which is registered to do business in New York, and which

operates as a full service beverage contract manufacturing company. Compl. ¶¶ 16-17, 30. Since January 5, 2024, Defendant has employed and continues to employ Plaintiff, a New York citizen, as a Processing Technician, at its facility located at 685 Broad Street Ext., Waverly, New York. Compl. ¶ 31. In that role, Plaintiff's job duties are physical in nature, including, but not limited to, "mixing drinks, packing boxes, lifting heavy packages and bags, pouring heavy bags of drink mixtures into a tank, palletizing merchandise, canning beverages, cleaning, emptying full cans into a compactor with a shovel[,] and loading cases of cans onto pallets commonly referred to as hand stacking." Compl. ¶ 36. As such, Plaintiff alleges that at least twenty-five percent of his duties require him to perform those physical tasks, and thus, he is a manual worker within the meaning of the NYLL. Compl. ¶¶ 3-4, 37. Yet despite Plaintiff being a manual worker, Defendant paid him on a bi-weekly basis, and thus not as frequently as weekly. Compl. ¶ 5.

Plaintiff further alleges that Defendant failed to issue him any wage notice at his time of hire, let alone a notice that accurately stated: his regular and overtime rates of pay and basis thereof; whether he would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendant; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number. Plaintiff asserts that Defendant's failure to provide him with any wage notice, let alone a proper one, deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, when he was entitled to receive it, and against whom to bring his claims, and contributed to the underpayment of wages as asserted in this case. Compl. ¶ 44. Plaintiff also claims that Defendant did and do not issue him an accurate wage statement on each payday, as the wage statements with which Defendant furnishes Plaintiff have inaccurately listed, *inter alia*, the dates of work covered by that

4

payment of wages.  Defendant's failure to provide Plaintiff with a proper wage statement, he alleges, has deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, when he was entitled to receive it, and contributed to the underpayment of wages as asserted herein. Compl. ¶ 43.  Lastly, because Defendant applied the same treatment and procedures with respect to the frequency of wage payments and the issuance of wage notices and wage statements to all of its manual workers, Plaintiff brought this action on behalf of himself and all other similarly-situated manual workers who worked for Defendant in New York, pursuant to Rule 23 and CAFA, as there are approximately 300-400 members of the class, at least one of whom is a citizen of a state different than Defendant, and based on the estimated class size, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Compl. ¶¶ 46-47.

## **LEGAL STANDARD**

### I.    **Rule 12(b)(6)**

As this Court has noted, in evaluating a motion to dismiss pursuant to Rule 12(b)(6), courts must "must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Covington v. Childtime Childcare, Inc.*, 2024 WL 2923702, at *2 (N.D.N.Y. June 10, 2024) (citing *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 253 (2d Cir. 2014)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 300 (N.D.N.Y. 2019) (quoting *Ashcroft*, 556 U.S. at 663).  A court "must accept

as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Covington*, 2024 WL 2923702 at *2.

## II.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).  As this Court has noted, "[w]hile motions to dismiss for lack of standing are properly raised under Rule 12(b)(1), the standard applied in such instances is almost identical to that applied for motions under Rule 12(b)(6)." *Covington*, 2024 WL 2923702 at *1.  To survive a motion to dismiss for lack of standing, the plaintiff "must allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Id.* at *2 (internal quotations omitted).

## **ARGUMENT**

## I.    **Plaintiff's Claim for Late Payments Pursuant to NYLL § 191 Should Not Be Dismissed**

NYLL § 191(1)(a) requires that manual workers "shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."  Here, Defendant has not argued, nor can it, that Plaintiff has not adequately alleged that he is a manual worker who Defendant has paid bi-weekly, as Plaintiff has plainly alleged exactly that. Compl. ¶¶ 3-5, 36-37. Thus, the sole issue is whether NYLL §§ 191 and 198 provide a private right of action that allows Plaintiff to vindicate his right to timely payment and receive compensation in the form of liquidated damages and interest for Defendant's indisputable violation of NYLL § 191.  While an answer in the affirmative would appear to be common sense, and consistent with the legislative history and purpose of the statute, Defendant nevertheless attempts to evade responsibility for its clear violation of the law by relying on the Second Department's decision in *Grant*, a poorly

reasoned decision that federal district courts in the Second Circuit, *including this Court in Covington*, have almost uniformly rejected. *See, e.g.*, 2024 WL 2923702 at *2. For the reasons discussed below, this Court should deny Defendant's motion to dismiss, which relies primarily on the same arguments this Court already rejected in *Covington*, as well as one semi-novel argument that is utterly unpersuasive.

### A. The Court Should Follow *Vega* and Not *Grant*, Just As 14 of the 16 Post-*Grant* Courts to Consider the Issue Have, on the Question of Whether NYLL § 191 Provides a Private Right of Action

In the absence of a ruling from the New York Court of Appeals, a state intermediate appellate ruling should not be "disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 221 (2d Cir. 2021) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013)); *see also Krasnow v. National Airlines,* 228 F.2d 326 (2d Cir. 1955); *Cooper v. American Airlines,* 149 F.2d 355 (2d Cir. 1945). Where, as here, two intermediate appellate courts have reached opposite conclusions, federal courts sitting in diversity must attempt to predict "how the Court of Appeals would rule[.]" *Charles v. United States of Aritzia Inc.*, 2024 WL 4167502 at *4 (S.D.N.Y. Sept. 12, 2024) (citing *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000)).

In this case, it is not even a close call. Such persuasive evidence exists that the New York Court of Appeals would follow *Vega* on the issue of whether NYLL § 191 contains a private right of action (either express or implied), and *Grant* does nothing to change that. And fortunately, this Court need not make this determination on a blank slate. While Defendant disingenuously claims that "federal courts are divided" regarding whether to follow *Grant* or *Vega*, in reality, federal courts addressing the issue in the year since the *Grant* decision have been **nearly unanimous** in

7

continuing to follow *Vega* and they have rejected the flawed logic of the *Grant* decision.  More
specifically, a Westlaw search revealed sixteen reported federal court opinions deciding whether
to follow *Vega* or *Grant.*  Of those sixteen, fourteen, and again, **including this Court in**
**Covington**, have chosen *Vega. Covington*, 2024 WL 2923702 at * 4; *Bazinett v. Pregis LLC*, 720
F. Supp. 3d 154, 162 (N.D.N.Y. Mar. 14, 2024); *Espinal v. Sephora USA, Inc.*, 2024 WL 4241537
(S.D.N.Y. Sept. 19, 2024), *reconsideration denied*, 2024 WL 4751279 (S.D.N.Y. Nov. 12, 2024)
(rejecting and overruling magistrate's report and recommendation finding NYLL § 191 does not
provide a private right of action, finding that it indeed does, *see* 2024 WL 3589604); *Carrasquillo*
*v. Westech Sec. & Investigation Inc.*, 2024 WL 4227795, at *6 (S.D.N.Y. Sept. 17, 2024); *Charles*
*v. United States of Aritzia Inc.*, 2024 WL 4167502 (S.D.N.Y. Sept. 12, 2024); *Bryant v. Buffalo*
*Exch., Ltd.*, 2024 WL 3675948 (S.D.N.Y. Aug. 6, 2024); *Aguilar v. Calexico Cinco LLC*, 2024
WL 3837669 (E.D.N.Y. June 28, 2024); *Birthwright v. Advance Stores Co., Inc.*, 2024 WL
3202973 (E.D.N.Y. June 27, 2024); *Levy v. Endeavor Air Inc.*, 2024 WL 1422322, at *2 (E.D.N.Y.
Mar. 29, 2024); *Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp. 3d 206 (E.D.N.Y. May 18,
2024); *Garcia v. Skechers USA Retail, LLC*, 2024 WL 1142316, at *6 (E.D.N.Y. Mar. 15, 2024);
*Gamboa v. Regeneron Pharms., Inc.*, 719 F. Supp. 3d 349, 353 (S.D.N.Y. Feb. 27, 2024);
*Sarmiento v. Flagge Contracting Inc.*, 2024 WL 806137 (S.D.N.Y. Feb. 27, 2024), *report and*
*recommendation adopted*, 2024 WL 1908607 (S.D.N.Y. May 1, 2024), *appeal withdrawn sub*
*nom. Sarmiento v. Monteiro*, 2024 WL 5002434 (2d Cir. Sept. 11, 2024); *Zachary v. BG Retail,*
*LLC*, 716 F. Supp. 3d 339, 348 (S.D.N.Y. Feb. 12, 2024).  Only two courts have come out the
other way. *Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*, 2024 WL 4652251
(W.D.N.Y. Nov. 1, 2024) (following *Grant*); *Galante v. Watermark Services IV, LLC*, 722 F. Supp.
3d 170, 180 (W.D.N.Y. Mar. 7, 2024) (same).  That is hardly the "divide" that Defendant claims.

Indeed, in *Covington,* this Court properly found "the reasoning of, and the conclusion reached by, the majority of its sister courts" persuasive and concluded that there was "no reason to depart from such rulings." 2024 WL 2923702 at \*5.

### B. Defendant's Contentions Regarding the New York State Department of Labor Lack Merit

In addition to rehashing a litany of arguments that this Court and the vast majority of other federal district courts have already rejected, Defendant, to its credit, offers a somewhat novel, but ultimately meritless argument in support of its contention that NYLL § 191 does not contain a private right of action - - namely, that according to Defendant, the New York State Department of Labor ("NYSDOL") has taken that position, and that the NYSDOL's opinion is entitled to deference.  This argument fails for two reasons: (i) the NYSDOL has taken no such position; and (ii) even if the NYSDOL *had* taken such a position, it would not be entitled to deference.

As the *Zachary* court explained, one of the critical points of contention between *Vega* and *Grant* is on whether "an employer makes an 'underpayment' for purposes of Section 198" - - which allows an employee to recover liquidated damages, prejudgment interest, and attorneys' fees for 'nonpayments' or 'underpayments' - - when it "violates the frequency requirements of Section 191, even if the employee is later fully paid." 716 F. Supp. at 3d 339 (internal quotations omitted). The First Department in *Vega* answered this question in the affirmative, finding that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." 175 A.D.3d at 1145.  The Second Department in *Grant* answered this question in the negative, finding that while "an agreed-upon [biweekly] pay schedule between an employer and a manual worker violates the frequency of payments requirement, but is not equivalent, in our view, with a nonpayment or underpayment of wages subject to collection with an additional assessment of liquidated damages." 223 A.D.3d at 123.

Defendant cites an informal fact sheet from the NYSDOL, which categorizes "timely payment of wages" as a "non-wage claim," as evidence that the NYSDOL agrees with the majority in *Grant* that late payments are not considered underpayments. In addition to being absurd on its face, this argument fails because the Second Circuit has explicitly held, based on the State's own representations, that an informal fact sheet does not represent the NYSDOL's position on legal issues and thus is not entitled to deference. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 517 (2d Cir. 2022). In *Palmer*, a case concerning COVID-19 sick leave payments, the Second Circuit explained:

> We also reject Plaintiffs' contention that the district court improperly ignored the NYDOL's Frequently Asked Questions (the "FAQ") concerning COVID-19 sick leave. In pertinent part, the FAQ explains that "[t]he paid COVID-19 sick leave payments are subject to the frequency of pay requirements of Section 191." N.Y. State, *New York Paid Family Leave COVID-19: Frequently Asked Questions* [hereinafter Paid Family Leave FAQs], https://paidfamilyleave.ny.gov/new-york-paid-family-leave-covid-19-faqs (last visited October 14, 2022). Plaintiffs apparently take this to mean that COVID-19 sick leave payments are wages for purposes of NYLL § 191. But as the State of New York explained in its *amicus* brief, that FAQ is not guidance regarding NYLL § 191, but more a "shorthand to explain that the new quarantine leave payments should be made on the same schedule and in the same manner as wages subject to Labor Law § 191." State of New York, *Amicus Curiae* Br. at 24.

*Id*. Here, as in *Palmer*, there is no evidence whatsoever that the NYSDOL intended an informal fact sheet written for the benefit of laypeople to be an articulation of its position on the contested legal issue of whether late payments constitute "underpayments" for purposes of triggering the liquidated damages provision of NYLL § 198.

Defendant's second argument - - that the NYSDOL Commissioner's decision to pursue a civil penalty for late payments instead of liquidated damages against a few specific employers is indicative of the Department's overall position on whether employees may file private suits in court as an alternative to pursuing relief through the Commissioner - - is even less persuasive. In fact, despite holding (erroneously) that NYLL § 191 and NYLL § 198 do not provide a private

right of action to recover liquidated damages for late payments, the *Grant* decision itself rejected Defendant's contention:

> Initially, contrary to the Supreme Court's conclusion, this Court's decision in *Matter of IKEA U.S. v. Industrial Bd. of Appeals*, 241 A.D.2d 454 (2d. Dept. 2007) is not dispositive of this question. That decision confirmed an administrative determination of the Commissioner finding that the petitioning employer had violated Labor Law § 191(1)(a) by failing to pay weekly wages to manual workers. The fact that the Commissioner exercised the statutory authority to enforce section 191(1)(a) in that case, and that this Court confirmed the determination that the statute was, in fact, violated, has no bearing upon the question of whether manual workers possess a private right of action to recover damages for such a violation.

223 A.D.3d at 714 (some internal citations omitted); *accord Espinal*, 2024 WL 4241537 (rejecting and overturning Report and Recommendations from the assigned magistrate judge that relied in part on a similar argument attempting to infer the NYSDOL's position on whether a private right of action exists).

### C. The New York Legislature, Presumably Aware of the *Grant* Decision, Rejected an Effort to Codify Its Holding

During the most recent legislative session, the New York Legislature considered, and **rejected**, legislation that would have essentially codified *Grant* by amending NYLL § 191 to state that "in the absence of fraud or bad faith, there shall be no civil liability on the part of and no cause of action against an employer by an employee who unknowingly violates the provisions of this section." *See* A.B. 7744 (N.Y. June 6, 2023); *see also* Fisher Phillips, "Key Updates for Employers in New York State: What Made the Budget and What Got Cut?" (Apr. 22, 2024), *available at* https://www.fisherphillips.com/en/news-insights/key-updates-for-employers-new-york-state.html (last accessed January 20, 2025). The fact that the Legislature considered and then rejected a

proposed amendment that would have "clarified" that NYLL § 191 provides no private right of action is a very strong indication that the Legislature agrees with the *Vega* decision and disagrees with *Grant*. *See Espinal*, 2024 WL 4241537, at *6 ("[I]t is notable that two years after *Vega*, the New York Legislature amended the § 193 wage deduction provision to correct judicial interpretations of it . . . [b]ut it left *Vega*'s construction of § 191 undisturbed. The legislature's decision to repudiate judicial interpretations of the wage-deduction provision while leaving intact the then-governing interpretation of the frequency-of-payments provision is evidence of its comfort with *Vega*'s holding.") (citing *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that [the legislature] is aware of existing law when it passes legislation.")).

## II.    A Stay Is Not Warranted

In the event that this Court denies Defendant's motion to dismiss Plaintiff's NYLL § 191 claims, as it should, Defendant requests, in the alternative, that this Court stay proceedings in this case until the New York Court of Appeals resolves the split between the *Vega* and *Grant* decisions. In *Covington*, both this Court and Magistrate Judge Mitchell Katz rejected the defendants' request to stay that case for the same reason. As Judge Katz explained in *Covington II*:

> Chief Judge Sannes cited with approval the reasoning in *Bryant* that "'any decision by the Court of Appeals is far off, and it [is] not even certain that there will be one. A motion for reargument and leave to appeal remains pending before the Second Department . . . '" (Dkt. No. 58 at 8 n. 5). At the time of the writing of this decision, the Second Department has not yet decided the motion. In denying defendant's motion to certify, including finding that it is improbable that the New York Court of Appeals will rule that there is no private right of action under New York Labor Law § 191, Chief Judge Sannes made it clear that there is no present compelling reason to stay proceedings in this case.

2024 WL 4792870, at *2 (N.D.N.Y. Nov. 13, 2024). Judge Katz further opined, addressing many of the arguments that Defendant makes in this motion regarding a potential waste of judicial

resources, that the "overarching concern of extended delay and its impact on the plaintiff's right to proceed and this court's docket," counseled against staying the proceedings *Id*.  Several other courts in the Second Circuit have declined to stay NYLL § 191 cases for similar reasons. *E.g.* *Bryant*, 2024 WL 3675948, at *6 ("[Defendant] argues that if this Court holds that there is a private right of action, it should stay this case pending a decision by the New York Court of Appeals in *Grant*.  But any decision by the Court of Appeals is far off, and it's not even certain that there will be one.  A motion for reargument and leave to appeal remains pending before the Second Department.  The Court will not delay litigation for a decision that may never come.").

## III.  Article III Standing Exists for Defendant's Violations of NYLL §§ 195(1) and 195(3)

### A.  Legal Standard

In *TransUnion*, the Supreme Court "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 594 U.S. at 414 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).  In *Guthrie*, applying *TransUnion* to NYLL § 195 claims, the Second Circuit held that a plaintiff "cannot rely on technical violations of the [NYLL]" and instead must "show some causal connection between the lack of accurate notices and the downstream harm." 113 F.4th at 308.  The Second Circuit further held, as relevant here, that a plaintiff-employee "*may* have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." *Id*. at 309.  While finding the plaintiff-employee's pleading - - which merely recited the statutory elements of NYLL §§ 195(1) and 195(3) and alleged possible harms to employees but no individual, particularized harm - - insufficient to satisfy the standing requirements of Article III as drafted, the *Guthrie* Court also noted that "some district courts have

imposed too high a burden on plaintiffs-employees in § 195 cases, suggesting that they must demonstrate that their lack of notice resulted in an injury greater than [their employers'] minimum wage, overtime, and spread-of-hours wage violations" because only such a greater injury would entail "consequences beyond this lawsuit." *Id.* at 309 (internal citations omitted).

### B. Plaintiff's Claims Can Be Tangibly Distinguished from *Guthrie*

Defendant incorrectly maintains that Plaintiff's Complaint "merely recites the relevant statutes, alleges that Defendant failed to comply, and claims that Plaintiff and the putative class are entitled to damages for the alleged violations." Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. MOL"), Dkt. No. 6-2, at 13. Contrary to Defendant's contention, and in sharp contrast to *Guthrie,* where the plaintiff-employee alleged *no* individualized injury resulting from the defendant-employer's violations of NYLL § 195, Plaintiff in this case specifically alleges a tangible harm resulting from Defendant's violations. *See* Compl. ¶¶ 43-44 (Defendant's violations of NYLL §§ 195(1) and 195(3), respectively, harmed Plaintiff "by depriving him of the ability to know exactly how much compensation he was entitled to receive and when he was entitled to receive it, which contributed to the underpayment of wages at issue in this case."). This is more than enough, particularly at this early stage of litigation, to satisfy *Guthrie*'s modest requirement to allege some particularized harm as opposed to merely theoretical harms resulting from a statutory violation. *See, e.g., Roma v. David Carmili, Physician, P.C.*, 2024 WL 5152211 (E.D.N.Y. Dec. 18, 2024); *Castillo v. Isakov*, 2024 WL 5323851 (S.D.N.Y. Dec. 27, 2024), *report and recommendation adopted*, 2025 WL 89048 (S.D.N.Y. Jan. 14, 2025).

### C. Defendant's Remaining Contentions Are at Odds with *Guthrie*

Defendant next argues that Plaintiff's NYLL § 195 claims must be dismissed for lack of standing because, according to Defendant, "Plaintiff cannot simply rely on his other claim to establish standing – he must demonstrate Article III standing for each separate state law claim."

14

This contention is directly at odds with *Guthrie*, which rejected the proposition that plaintiff-employees must allege that "their lack of notice resulted in an injury greater than [their employers'] minimum wage, overtime, and spread-of-hours wage violations," finding that some district courts had set the bar too high with such a requirement. *Guthrie*, 113 F.4th at 309.

Additionally, Defendant appears to argue that Plaintiff *cannot* establish an injury-in-fact sufficient to establish standing based on a causal link between his NYLL §§ 191 and 195 claims, because, according to Defendant, NYLL § 191 does not confer a private right of action. This argument fails for two reasons. First, as discussed in Section I, *supra*, NYLL § 191 does in fact provide a private right of action. Second, Defendant's argument is at odds with the plain text of *Guthrie*, which held that a plaintiff-employee may "have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages **in a timely fashion**." *Id.* (emphasis added).

Because all of Defendant's arguments lack merit, the Court should deny Defendant's motion on this ground too.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

Dated: Garden City, New York
February 3, 2025

15

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027

By:
MICHAEL J. BORRELLI (MB 8533)