**WINDELS MARX LANE & MITTENDORF, LLP**
Rodman E. Honecker, Esq. (rhonecker@windelsmarx.com)
Amanda A. Meehan, Esq. (ameehan@windelsmarx.com)
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Defendant
Best Bev LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAKIE JOHNSON, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>BEST BEV LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-01260-BKS-ML<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Best Bev LLC ("Best Bev" or "Defendant"), by and through its attorneys, by way of answer to Plaintiff's Complaint, says:

**AS AND FOR A RESPONSE TO "NATURE OF THE CASE"**

1. This paragraph sets forth legal conclusions for which no response is required.

2. Admitted that Plaintiff worked for Best Bev from January 5, 2024 through the date of the Complaint, and deny the remaining allegations.

3. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

4. This paragraph sets forth legal conclusions for which no response is required.

5. This paragraph sets forth a legal conclusion for which no response is required.

6. This paragraph sets forth a legal conclusion for which no response is required.

7. This paragraph sets forth a legal conclusion for which no response is required.

**AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"**

8. Denied.

9. Denied.

10. This paragraph sets forth a legal conclusion for which no response is required.

11. This paragraph sets forth a legal conclusion for which no response is required.

**PARTIES**

12. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, admitted only that Plaintiff worked for Best Bev in New York. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

13. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

14. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

15. This paragraph sets forth a legal conclusion for which no response is required.

16. Admitted.

17. Admitted that this the mailing address, but deny remaining allegations.

18. This paragraph sets forth a legal conclusion for which no response is required.

19. Admitted only that Best Bev has certain employment practices with respect to its employees. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

20. Admitted only that Best Bev has certain employment policies, practices and procedures with respect to its employees. Best Bev is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

## AS AND FOR A RESPONSE TO "CLASS ACTION ALLEGATIONS"

21. This paragraph sets forth a legal conclusion for which no response is required.

22. This paragraph sets forth a legal conclusion for which no response is required.

23. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

24. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

25. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

26. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

27. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

28. This paragraph sets forth a legal conclusion for which no response is required.

29. This paragraph sets forth a legal conclusion for which no response is required.

## AS AND FOR A RESPONSE TO "BACKGROUND FACTS"

30. Admitted.

31. Admitted that Plaintiff's employment with Best Bev began on January 5, 2024 and continued through date of Complaint, and admitted that Plaintiff worked at 685 Broad Street Ext., Waverly, NY, and deny the remaining allegations.

32. Admitted.

33. Admitted, except Plaintiff received an increase to $24 an hour on May 13, 2024.

34. Admitted.

35. Admitted.

36. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

37. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

38. Admitted only that Best Bev paid Johnson on January 25, 2024. This paragraph further refers to a document attached as Exhibit A, which speaks for itself. Best Bev denies Plaintiff's characterization of the document.

39. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Best Bev is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs with respect to those allegations.

46. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

47. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

48. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

### AS AND FOR A RESPONSE TO "FIRST CAUSE OF ACTION"
Alleged "New York Labor Law – Failure to Pay Timely Wages
(Brought on behalf of Plaintiff and the New York Class)"

49. Defendant repeats each of the responses contained in the preceding paragraphs as if they were set forth at length.

50. This paragraph sets forth a legal conclusion for which no response is required.

51. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

52. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

### AS AND FOR A RESPONSE TO "SECOND CAUSE OF ACTION"
Alleged "New York Labor Law – Failure to Furnish Accurate Wage Statements
(Brought on behalf of Plaintiff and the New York Class)"

53. Defendant repeats each of the responses contained in the preceding paragraphs as if they were set forth at length.

54. This paragraph sets forth a legal conclusion for which no response is required.

55. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

56. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**AS AND FOR A RESPONSE TO "THIRD CAUSE OF ACTION"**
Alleged "New York Labor Law – Failure to Furnish Accurate Wage Notices
(Brought on behalf of Plaintiff and the New York Class)"

57. Defendant repeats each of the responses contained in the preceding paragraphs as if they were set forth at length.

58. This paragraph sets forth a legal conclusion for which no response is required.

59. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

60. This paragraph sets forth a legal conclusion for which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**AS AND FOR A RESPONSE TO "PRAYER FOR RELIEF"**

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint with prejudice, awarding allowable costs and attorneys' fees to Defendant, and granting such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. The Complaint should be dismissed for lack of federal jurisdiction. The Class Action Fairness Act of 2005 ("CAFA"), 28 USC §1332(d), relied upon by Plaintiffs as the basis of federal jurisdiction, has a jurisdictional threshold of $5,000,000. In 2025, New York enacted an amendment to New York Labor Law ("NYLL") §198(1-a) which limits damages for alleged violations of NYLL §191(1)(a) to "lost interest found to be due for the delayed payment of wages calculated at the daily interest rate for each day payment is late" at the rate of interest set by the Department of Financial Services under Article 14-a of the Banking Law (which currently is set at 16% per year). Even in the aggregate, Plaintiffs' claims against Best Bev can never reach CAFA's $5,000,000 jurisdictional threshold.

2. The Complaint should be dismissed for lack of subject matter diversity jurisdiction because the amount in controversy with respect to Plaintif's individual claims under the NYLL does not exceed the jurisdictional minimum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Plaintiff's claimed damages, when aggregated and considered in good faith, do not surpass this threshold. Accordingly, this action should be dismissed or remanded for lack of diversity jurisdiction

3. Plaintiffs lack standing, including Article III standing, to assert claims under NYLL §191. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

4. Plaintiffs lack standing, including Article III standing, to assert claims under NYLL §195(1) because Plaintiff has not suffered an actual, concrete and particularized injury or harm beyond mere statutory violations. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

5. Plaintiffs lack standing, including Article III standing, to assert claims under NYLL §195(3) because Plaintiff has not suffered an actual, concrete and particularized injury or harm beyond mere statutory violations. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

6. Plaintiff's claims pursuant to New York Labor Law § 195(1) are barred because Defendants reasonably believed in good faith that they were not required to provide such notice pursuant to the NYLL or because they otherwise provided the requisite information to Plaintiff. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

7. Plaintiff's claims pursuant to New York Labor Law § 195(3) are barred because Defendants reasonably believed in good faith that they were not required to provide such wage

statements pursuant to the NYLL or because they provided the requisite information in the wage statements. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

8. Plaintiff was provided with all required information, notices and materials in accordance with the NYLL. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

9. Pursuant to NYLL § 198(1-b) and (1-d) and 12 N.Y.C.R.R. § 146-1.3 and 146-2.2, Defendants are not liable for a mere technical violation of those statutes, if applicable, because Defendants made complete and timely payments of all wages due to Plaintiff during Plaintiff's alleged employment with Defendants and, as such, Plaintiff suffered no actual injury as a result of any alleged failure by Defendants to give Plaintiff the required wage notices and wage statements pursuant to NYLL § 195(1) and § 195(3). This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

10. The Complaint fails to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

11. Plaintiff's claims should be dismissed because Defendant has not engaged in unlawful employment practices under the NYLL. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

12. Some or all of Plaintiff's claims are barred by the applicable statute of limitations under the NYLL. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

13. Plaintiffs are not entitled to liquidated damages under the NYLL for some of all of the claims in the Complaint. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

14. At all relevant times hereto, Defendants exercised reasonable care and good faith to ensure that the manner of Plaintiff's compensation did not violate applicable state or any other laws, with as lack of willfulness or intent to violate the NYLL, and with reasonable grounds to believe that the challenged actions were in compliance with the NYLL. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

15. At all relevant times hereto, Plaintiff's compensation has been in accordance with each and every provision of the NYLL. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

16. Plaintiff was not a manual laborer or manual worker under NYLL § 190(4). This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

17. Plaintiffs failed to mitigate damages, if any.

18. Plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

19. Certification of a class action under these circumstances would violate the parties' rights under the New York State Constitution.

20. This case may not be maintained as a class action because individual questions predominate Plaintiff's claims, making class treatment inappropriate.

21. This case may not be maintained as a class action because the purported class members are not so numerous that joinder of each member would be impracticable.

22. This case may not be maintained as a class action because Plaintiff is not an adequate representative.

23. This case may not be maintained as a class action because Plaintiff's claims are not typical of the clams of the purported class she seeks to represent.

24. This case may not be maintained as a class action because Plaintiff has not and cannot show that class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy and the purported class action is not appropriate to adjudicate Plaintiff's complaint.

25. This case may not be maintained as a class action because the facts enumerated in New York Civil Practice Law and Rules 902 weigh against adjudication of Plaintiff's claims on a class-wide basis and Plaintiff fails to meet the mandatory requirements of CPLR sections 901 and 902.

26. Plaintiff has not suffered any legally cognizable damages. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

27. To the extent Plaintiff purports to bring one or more claims on behalf of a class, Plaintiff and the class waive their right to liquidated damages. This defense also may apply to the claims of some or all of the putative class of persons identified in the Complaint.

28. The allegations are too vague and unspecified to enable Defendant to determine all of its defenses, and, therefore Defendant reserves its right to supplement and amend this pleading.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

**WINDELS MARX LANE & MITTENDORF, LLP**
Attorneys for Defendant

By: */s/Rodman E. Honecker*
Rodman E. Honecker

Dated: October 9, 2025

## DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates Rodman E. Honecker as trial counsel in the above matter.

**WINDELS MARX LANE & MITTENDORF, LLP**
Attorneys for Defendant


By: */s/Rodman E. Honecker*
Rodman E. Honecker

Dated:  October 9, 2025


## CERTIFICATION OF SERVICE

I certify that on this date I caused this pleading to be electronically filed with the United States District Court. All registered counsel of record will receive an electronic copy of this pleading.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*/s/Rodman E. Honecker*
Rodman E. Honecker

Dated:  October 9, 2025